IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONELL HATCHER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

No. C 10-1265 SBA (pr)

**ORDER DIRECTING CLERK TO REVOKE FILING AND TO FILE PETITION IN CRIMINAL CASE NUMBER CR-92-0001-WBS-14**

    Petitioner, a federal prisoner housed at the Federal Detention Center in Dublin, California, has filed a document, which was construed by the Clerk of the Court as a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**DISCUSSION**

    Pursuant to a plea agreement, on January 12, 2010, Petitioner plead guilty to one count of possession with intent to distribute heroin before the Honorable William B. Shubb in the United States District Court for the Northern District of California. See Criminal Case No. CR-92-0001-WBS-14. He was sentenced to 240 months in prison and five years of supervised release. He is challenging his sentence.

    A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given jurisdiction over these petitions to different courts. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A petition under § 2241 must be heard in the district of confinement, whereas if the petition is under § 2255 it must be heard in the sentencing court. Id. A § 2255 motion to the sentencing court is the appropriate vehicle for challenging a federal conviction and/or sentence. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). "A federal prisoner authorized to seek relief under § 2255 may not petition for habeas corpus relief pursuant to § 2241 'if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his

1 detention.'" United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Unless this
2 petition properly may be brought under § 2241, the Court lacks jurisdiction to address the merits of
3 his claims by way of a petition for a writ of habeas corpus pursuant to § 2241.

## CONCLUSION

For the foregoing reasons, the Clerk should revoke filing in this case and file this action as a § 2255 motion to vacate sentence in Criminal Case No. CR-92-0001-WBS-14. The Clerk is instructed to file the petition (docket no. 1) and Petitioner's April 2, 2010 letter (docket no. 3) in Criminal Case No. CR-92-0001-WBS-14.

The Clerk should also assign this action to the Honorable William B. Shubb, who is presently sitting in the United States District Court for the Eastern District of California.

IT SO ORDERED.

DATED: 5/10/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.10\Hatcher1265.REVOKEfiling.frm

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL HATCHER, | Case Number: CV10-01265 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| USA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donell Hatcher 86714-011
Federal Detention Center - Camp Parks
5675 8th Street
Dublin, CA 94568

Dated: May 12, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.10\Hatcher1265.REVOKEfiling.frm